# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES WILLIAM RULEAU,

    Petitioner,

    v.                                        Case No. 05-C-1105

DEWAYNE STREET[1],
 Superintendent, Thompson Correctional Center,

    Respondent.

## DECISION AND ORDER

On October 24, 2011, this court denied the petitioner's petition for a writ of habeas corpus and also denied a certificate of appealability. See Decision and Order of October 24, 2011, at 27-28. Judgment was entered the following day, on October 25, 2011. On November 3, 2011, the petitioner filed a Notice of Appeal with the court of appeals for this circuit. The appeal is pending.

On January 13, 2012, the respondent filed a motion to authorize transfer of custody of the petitioner. (Docket #75). The respondent seeks permission from this court, pursuant to Fed. R. App. P. 23(a), to transfer the petitioner to the Chippewa Valley Correctional Treatment Facility (CVCTF). According to the respondent, the transfer will take two days and will involve a one-day stop at the Dodge Correctional Institution. The respondent asserts that the transfer is necessary so that the petitioner may participate in alcohol and other drug abuse treatment

---

[1] Mr. DeWayne Street is the current superintendent of the Thompson Correctional Center, where the petitioner is currently incarcerated. Therefore, he is the proper respondent in this action. See Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d).

at CVCTF prior to his scheduled release date of October 19, 2012. The respondent further states that the petitioner must be at CVCTF by February 16, 2012, in order to be present for the beginning of the scheduled treatment program. Thus, given that the transfer will take two days, the respondent requests authorization to begin the transfer of the petitioner by no later than February 14, 2012.

Rule 23(a) of the Federal Rules of Appellate Procedure provides as follows:

(a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

In Ward v. United States Parole Comm., 804 F.2d 64, 66 (1986), cert. denied, 484 U.S. 1069 (1988), the United States court of appeals for this circuit noted that "[u]nder 18 U.S.C. §4082(b), the Attorney General 'may at any time transfer a person from one place of confinement to another.'" The court found that "nothing in the history or purpose of Rule 23(a) suggests that there is any reason to curtail that authority . . . ." Id. at 66. Therefore, a court's review of a Rule 23(a) motion for a transfer should be "deferential . . . limited to protecting the court's ability to adjudicate the pending case effectively." Id. "Unless the record shows that the transfer is 'arbitrary, capricious, or an abuse of discretion,' a motion to transfer must be granted." Krysheski v. Kingston, 2006 U.S. Dist. LEXIS 92971 at *3 (E.D. Wis. 2006) (quoting Ward, 804. F.2d at 67). Further, the reason for the transfer must be "an administrative reason that is independent of the litigation." Ward, 804 F.2d at 66.

Here, the respondent requests to transfer the petitioner so that he may participate in a treatment program prior to his scheduled release. The respondent states that the transfer "is

- 2 -

occasioned by a need to meet [the petitioner's] educational and programming needs." See Motion to Authorize Transfer of Custody of Petitioner Ruleau, at 3. This request is not related to the petitioner's pending appeal regarding his petition for a writ for habeas corpus and does not impact the court's ability to adjudicate the case. Therefore, the respondent's motion will be granted.

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to authorize transfer of custody of petitioner Ruleau be and hereby is **granted**. (Docket #75).

**IT IS ALSO ORDERED** that the respondent shall transfer the petitioner to the Chippewa Valley Correctional Treatment Facility, with a one-day stop at the Dodge Correctional Institution, and that the transfer shall begin no later than **February 14, 2012**. The respondent shall notify the court within one week of the completion of the transfer so that the court may substitute the proper respondent in this action.

**IT IS FURTHER ORDERED** that Superintendent DeWayne Street be and hereby is substituted as the respondent in this action.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2012.

> BY THE COURT:
>
> s/Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge